IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TODD L. HARRIS,

                                                                  ORDER

                    Petitioner,

                                                  09-cv-655-slc[1]

     v.

CAROL HOLINKA, Warden,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Todd Harris has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the $5 filing fee. He contends that the Bureau of Prisons should transfer him to a halfway house authorized by the Second Chance Act of 2007, enacted as 18 U.S.C. § 3624(c), nine months before his release so he can participate in a drug treatment program.

       I cannot consider the merits of the petition because petitioner concedes that he has not exhausted his administrative remedies. Although § 2241 does not include an exhaustion

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all parties to this action. Therefore, for the purposes of issuing this order only, I am assuming jurisdiction over the case.

rule, the Court of Appeals for the Seventh Circuit applies one under common law.  <u>Sanchez v. Miller</u>, 792 F.2d 694, 697 (7th Cir. 1986).  Petitioner alleges that there is not enough time to complete the grievance process.  Petitioner attempts to explain his failure to use the grievance process in two sentences: "I filed a BP-8 and a BP-9 in which it took 2-1/2 months to get a response that were not correct or accurate.  Filing a BP-10 or BP-11 would run into time constraints because I'm trying to get RRC placement before December 15th, 2009."

Petitioner's argument is not persuasive.  Although he has known since at least May 2009 that the bureau considered him ineligible under the Second Chance Act for placement in a halfway house, he waited until August 12, 2009 to start the grievance process. Petitioner's release date is September 12, 2010.  This means that if petitioner had filed a BP-8 in May, he would have had at least seven months to complete the grievance process before December, 15 2009, when the nine-month halfway house period would begin.  Thus, "[t]he press of time is [petitioner's] fault. . . . A prisoner cannot manufacture exigency by tarrying." <u>Richmond v. Scibana</u>, 387 F.3d 602, 604 (7th Cir. 2004).  Before petitioner may obtain relief in this court, he must complete the administrative grievance process set forth in 28 C.F.R. §§ 542.10-19.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Todd Harris under 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 20th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3