IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TODD L. HARRIS,

                                       ORDER

                   Petitioner,

                              09-cv-655-slc[1]

      v.

CAROL HOLINKA, Warden,

                   Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 20, 2009, I dismissed petitioner Todd Harris's petition for a writ of

habeas corpus summarily because he did not exhaust his administrative remedies.  Now

petitioner has filed a motion for reconsideration of the dismissal.  Petitioner's motion is

without merit and will be denied.

In his petition, petitioner contended that the Bureau of Prisons should transfer him

to a halfway house authorized by the Second Chance Act of 2007, enacted as 18 U.S.C. §

3624(c), nine months before his release date so he can participate in a drug treatment

---

[1]   While this court has a judicial vacancy, it is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker.  For the purposes of issuing this order,
I am assuming jurisdiction over the case.

1

program.   However, petitioner conceded in his petition that he has not exhausted his

administrative remedies.  In particular, petitioner has not filed a BP-10 or BP-11 to appeal

the denial of his BP-8 and BP-9 grievances.  Petitioner argued that he did not have time to

complete the grievance process before December 15, 2009, the date that he wants to be

placed in a halfway house.  I concluded that petitioner's argument was not persuasive

because if he had started the grievance process in May 2009, when he knew that the bureau

considered him ineligible under the Second Chance Act for placement in a halfway house,

he would have had at least seven months to complete the grievance process before December

15, 2009, when the nine-month halfway house period would begin.

In his motion for reconsideration, petitioner does not raise any new arguments or

allege any facts that were not included in his original petition.  He contends, however, that

I did not give enough consideration to the efforts he has made to resolve this matter.

Petitioner alleges that he did not start the official grievance process until August 12, 2009

because he was attempting to resolve the matter informally.  Petitioner's exhibits, attached

to his original petition, show that he asked his case manager for assistance in getting placed

in a halfway house with a drug treatment program in May, June and July 2009.  However,

petitioner's use of informal procedures does not relieve him of the requirement to exhaust

formal administrative remedies.  "In order to exhaust administrative remedies, a prisoner

must take all steps prescribed by the prison's grievance system." Ford v. Johnson, 362 F.3d

395, 398 (7th Cir. 2004).  The case may be different if petitioner had alleged that a prison

official had made formal administrative remedies unavailable to him.  E.g., Pavey v. Conley,

544 F.3d 739, 742 (7th Cir. 2008); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004)

(prison officials allegedly refused to give prisoner necessary forms); Brown v. Croak, 312

F.3d 109, 113 (3d Cir. 2002) (untimely grievance would be excused if prison official told

prisoner to wait before filing it).  But if the prisoner himself is at fault for not exhausting his

administrative remedies, then "the case [is] over."  Schaefer v. Bezy, 2009 WL 1931187, *2

(7th Cir. July 7, 2009) (unpublished).

In this case, petitioner chose to pursue informal means of resolving his complaints

before initiating the formal grievance procedure.  Unfortunately, his informal attempts did

not yield the results he hoped for and by the time he started the official grievance process,

he felt rushed for time.  However, as I stated in the November 20 order, "[a] prisoner cannot

manufacture exigency by tarrying."  Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir.

2004).  Because petitioner has not completed the administrative grievance process set forth

in 28 C.F.R. §§ 542.10-19, he cannot obtain relief in this court.


ORDER

IT IS ORDERED that petitioner Todd Harris's motion for reconsideration, dkt. #5,

is DENIED.

Entered this 8th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4